# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL OTIS ROBERTSON**　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #136346**

V.　　　　　　　NO. 4:25-cv-00477-LPR-ERE

**GIBSON,** *et al.*　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.　Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.　Discussion:**

On May 13, 2025, *pro se* plaintiff Michael Robertson, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, and moved for leave to proceed in forma pauperis (IFP). *Docs. 1, 2*. The next day, I denied Mr.

Robertson's motion for leave to proceed IFP because he is a "three-striker."[1] *Doc. 4*. As a result, he can proceed with this case without paying the filing fee only if he is currently in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Mr. Robertson's complaint alleges that: (1) unidentified ADC officials have subjected him to "cruel and unusual punishment" without any supporting facts; (2) ADC officials have failed to properly process his grievances; and (3) ADC officials have destroyed documents to cover up their wrongdoing. I previously determined that these alleged facts are not sufficient to show that he is imminent danger of serious physical injury, and I provided Mr. Robertson thirty days to pay the statutory filing fee. *Doc. 4*.

To date, although Mr. Robertson has filed an amended complaint and two notices (*Docs. 8, 9, 10*),[2] he has not paid the statutory filing fee, and the deadline to do so has passed. *Doc. 10*.

---

[1] The following dismissals constitute "strikes" for purposes of 28 U.S.C. § 1915(g): *Robertson v. Rodiguez, et al.*, No. 4:22-cv-00194-JM (E.D. Ark. April 25, 2022) (dismissal for failure to state a claim); *Robertson v. Freeman, et al.*, No. 4:21-cv-00939-BRW (E.D. Ark. Jan. 26, 2022) (same); *Robertson v. Turn Key Medical, et al.*, No. 4:21-cv-01066-DPM (E.D. Ark. Jan. 12, 2022) (same); *Robertson v. Sims, et al.*, No. 4:20-cv-01512-JM (E.D. Ark. Jan. 6, 2021) (same); and *Robertson v. Holladay, et al.*, No. 4:19-cv-00246-BRW (E.D. Ark. June 7, 2019 (same).

[2] In his amended complaint and notices, Mr. Robertson raises the same or similar allegations as his original complaint. In addition, in the grievance papers and medical requests attached to these filings, he complains that: (1) although he was the victim of a stabbing, he is being punished for protecting himself and seeks "equal justice" (*Doc. 8* at

**III.   Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Robertson's claims be DISMISSED, without prejudice, based on his failure to: (1) comply with the Court's May 14, 2025 Order requiring him to pay the filing fee; and (2) prosecute this lawsuit.

2.   The Clerk be instructed to close this case.

Dated 18 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

*15, 16*); (2) on an unspecified date in early 2025, he was transferred to a cell close to his known enemies (*Doc. 8 at 24*); (2) on an unspecified date in early 2025, medical staff members failed to provide him unspecified medical care (*Doc. 10 at 6, 7*); and (3) in June 2025, medical staff members denied his request for a chest x-ray (*Doc. 10 at 17*). These claims are not related to the claims raised in Mr. Robertson's original complaint. In addition, these allegations also are not sufficient to show that Mr. Robertson is currently in imminent danger of suffering serious physical injury. While I am would be more concerned with the medical staff's denial of Mr. Robertson's request for a chest x-ray, in response to his request, medical staff specifically noted that "Mrs. Miller APRN stated that there is no medical indication for a chest xray." *Doc. 10 at 17*.